# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**BOBBY LOGAN**                                                                          **PLAINTIFF**

**V.**                                                     **CAUSE NUMBER: 3:25-cv-00189-JDM-RP**

**ASSOCIATED WHOLESALE
GROCERS, INC.**                                                                          **DEFENDANT**


## ORDER GRANTING MOTION TO STRIKE

Before the Court is Plaintiff Bobby Logan's Motion to Strike. [66] Logan requests this Court strike not only Defendant Associated Wholesale Grocers, Inc. (AWG)'s Motion for Summary Judgment [45], supporting memorandum [46], and supplement [47], but also Defendant AWG's Motion to Exclude Expert [48] and supporting memorandum [49]. Logan asserts the two motions and related documents were filed after the motions deadline. AWG has not responded to the motion to strike. Based on the circumstances, the Court finds the two motions [45, 48] and supporting documents [46, 47, 49] were indeed filed out of time and should be stricken.

The case management order was clear—all dispositive and *Dabert*-type motions had to be filed by April 1, 2026. [14] Local Rule 7(b)(2) is equally clear—"Counsel must file a memorandum brief as a separate docket item from the motion or response to which it relates and must not make the memorandum brief an exhibit to a motion or response[.]" On April 1, 2026, AWG's counsel filed a motion for summary judgment [41] and a motion to exclude plaintiff expert David P. Johnson [42]. But in direct contradiction to Local Rule 7(b)(2), counsel did not file either memorandum brief in support as a separate docket items. Instead, the memorandum briefs were filed as exhibits to the motions. [41, 42] For this reason, on April 9, 2026, the Clerk's Office terminated the two motions and directed AWG's counsel to refile.

AWG's counsel did not take immediate action. Instead, counsel waited until April 21, 2026—ten days after the Clerk's office notice and twenty days after the motion deadline—to file the motions correctly. Logan moved to strike both motion because AWG had not sought to modify the scheduling order or be permitted to file its motions out of time.

Rule 16 permits the Court to modify the scheduling order "for good cause." FED. R. CIV. P. 16(b)(4). And Rule 6 permits the Court to extend a deadline after the time has expired "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). But here, AWG did not move to extend the deadline. Nor did it seek to refile its motions out of time. Indeed, AWG did not even respond to the motion to strike. So the Court is left with *no explanation* why AWG's counsel failed to comply with Local Rule 7 when the motions were originally filed on April 1, 2026. Nor has counsel asserted any good cause for why the Court should accept the motions as timely filed on April 21, 2026—three weeks after the deadline. Notably, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer v. Brunswick Assos. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Court "has the inherent power to enforce its scheduling orders and to impose sanctions." *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 624 (E.D. Tex. 2007) (citing Fed.R.Civ.P. 16(f); *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).; *Flaksa v. Little River Marine Const. Co.*, 389 F.2d 885, 887 n.3 (5th Cir. 1968)). Here, given the lack of opposition to the motion to strike and the likelihood AWG would not have prevailed in obtaining summary judgment in its favor or striking Logan's expert,[1] the Court finds the Motion to Strike [66] is well-taken and should be **GRANTED**.

---

[1] AWS based its motion for summary judgment on its assertion that, as a matter of Mississippi law, a two-to-three-inch deviation in a walkway cannot constitute a dangerous condition. But the Mississippi Supreme Court recently made clear that evidence of a parking lot defect coupled with

**THEREFORE, IT IS ORDERED** that the following docket entries shall be stricken from the record:

Motion for Summary Judgment [45]

Memorandum in Support re Motion for Summary Judgment [46]

Supplement to Motion re Motion for Summary Judgment [47]

Motion to Exclude Expert Johnson [48]

Memorandum in Support re Motion Exclude Expert Johnson [49]

**SO ORDERED**, this the 18th day of May, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

inadequate lighting is sufficient to establish a jury question whether an unreasonably dangerous condition existed. *Rush Health Sys., Inc. v. Sparrow*, No. 2021-IA-01185-SCT, 2026 WL 1028363 (Miss. Apr. 16, 2026); *also St. Dominic-Jackson Mem'l Hosp.*, 386 So. 3d 359 (Miss. 2024). And as far as AWG's *Daubert* motion goes, AWG's arguments appear to challenge the weight and credibility of Logan's expert's testimony, which are issues for the jury to resolve, and not the admissibility of the proposed expert report. *See Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.").